**UNITED STATES of America, Plaintiff—Appellee,**

v.

**James L. BEASLEY, Jr., Defendant—Appellant.**

No. 08–10452.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 7, 2009.[*]

Filed Dec. 10, 2009.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kirstin M. Ault, Assistant U.S., Barbara Valliere, Assistant U.S., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Marc Jonathan Zilversmit, Esquire, Marc J. Zilversmit, Attorney at Law, San Francisco, CA, for Defendant–Appellant.

Before: O'SCANNLAIN, RAWLINSON, and BEA, Circuit Judges.

## MEMORANDUM [**]

Appellant James Beasley challenges the district court's denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582, and the district court's denial of his petition for a writ of *audita querela.*

The district court sentenced Beasley for conspiracy to distribute fifty kilograms or more of cocaine powder, not cocaine base, *see* U.S.S.G. § 2D1.1(c)(1) (Nov. 1, 1987). Beasley was not indicted for conspiracy to distribute cocaine base, and the presentence report does not mention cocaine base. Therefore, Beasley's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Wesson,* 583 F.3d 728, 730 (9th Cir.2009) (citation omitted); *see also* 18 U.S.C. § 3582(c)(2). The district court, therefore, properly denied Beasley's motion to reduce his sentence pursuant to 18 U.S.C. § 3582.[1]

For this same reason, the district court also properly denied Beasley's petition for a writ of *audita querela. See Carrington v. United States,* 503 F.3d 888, 890 n. 2 (9th Cir.2007).

**AFFIRMED.**

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because Beasley was not entitled to resentencing, the district court was not required to apply *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), to Beasley's sentence. *See Wesson,* 583 F.3d at 730; *see also United States v. Sanchez–Cervantes,* 282 F.3d 664, 673 (9th Cir.2002), *as amended* (holding that *Apprendi* does not apply retroactively).